IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM KIMBLE,                )
                               )
        Plaintiff,              )
                               )
        v.                      )       1:18CV551
                               )
JASON THOMAS, et al.,           )
                               )
        Defendant(s).           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed a Motion to Amend [Doc. #2] and an Amended Complaint [Doc. #3]. The Court will allow the Motion to Amend, and has considered the Amended Complaint. However, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. Plaintiff's claims are not clear. Plaintiff contends that Defendants failed to act on a petition filed by Plaintiff to reduce the term for which he must register as a sex offender, failed to notify him of his ability to petition for a reduced term, and denied his application to reduce his term because he had not been on the registration for 10 years. It is not clear how these actions violated Plaintiff's federal statutory or constitutional rights. In support, Plaintiff cites 42 U.S.C. §§ 16911(2)-(4) and 16915. Those statutes were recodified as 34 U.S.C. §§ 20911 and 20915, respectively. The first statute cited, § 20911(2)-(4) defines tier I, II, and III sex offenders. The second statute states that tier I offenders must comply with registration requirements

for 15 years, tier II offenders for 25 years, and tier III offenders for life. However, under § 20915(b) the term for a tier I offender can be reduced to 10 years if a clean record is maintained for 10 years. It appears from the Complaint that Plaintiff believes that he is a tier I offender entitled to a reduction. However, even if those statutory provisions applied to Plaintiff, he claims to have kept a clean record for only 5 years, not the required 10 years, and the reduced term would be to 10 years, not 5 years. It is therefore unclear how he could be entitled to any relief, nor is it clear how those provisions would support a § 1983 claim here.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 31st day of October, 2018.

                /s/ Joi Elizabeth Peake
                United States Magistrate Judge